# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Robert Kane, et al.,<br><br>　　　　Defendants. | Case No. 2:13-cr-250-JAD-VCF<br><br>**Order Granting Motions for Joinder [Docs. 91, 92, 93, 94] and Overruling Defendant's Objections to Order (#82) Denying Defendant's Motion to Dismiss the Indictment for Lack of Jurisdiction [Doc. 90]** |

This criminal prosecution against defendants Robert Kane, William Congero, Steven Carr, Robert Coleman, Eric Panter, and Thomas McNamara involves a single count, for violation of the Hobbs Act, 18 U.S.C. § 1951(a). Doc. 1. Carr, joined by his co-defendants, moved to dismiss this indictment, Doc. 60,[1] which U.S. Magistrate Judge Ferenbach denied. Doc. 82. The Court incorporates Judge Ferenbach's complete and detailed description of the case in Doc. 82 by reference.

Carr timely objected to portions of Judge Ferenbach's disposition. Doc. 90. For the foregoing reasons, all of Carr's specific objections are overruled because the Court agrees with Judge Ferenbach's conclusion that Carr's motion to dismiss the indictment should be denied.

---

[1] Defendants Coleman, Kane, McNamara, and Panter joined in the motion. Docs. 61, 62, 64, 72.

## Discussion

**A. Motions for Joinder**

Defendants Coleman, Panter, McNamara and Kane have filed motions to join in Carr's objections to Judge Ferenbach's Order. Docs. 91, 92, 93, 94. The Court finds good cause to grant these joinder requests, and hereby does so.

**B. Scope of Objections to Judge Ferenbach's Order**

Carr requests that this Court reject Judge Ferenbach's "factual findings and legal conclusions" without limitation, and conduct a de novo review of "the matter." Doc. 90 at 1-2 & n.1. Carr also requests an evidentiary hearing. *See id.* at n.1. 28 U.S.C. § 636(b)(1)(A) provides that a U.S. Magistrate Judge may be designated to "hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant." *Id.* Nonetheless, under Fed. R. Crim. Proc. 59(b)(1), "[a] district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information."[2] When recommending disposition of a motion to dismiss an indictment, "[t]he magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. Proc. 59(b)(1). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review." *Id.*

The District Court reviews objections to the magistrate judge's proposed findings and recommendations *de novo*. Rule 59(b)(3). "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *Id.* The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *United States v. Reyna-*

---

[2] 28 U.S.C. § 636(b)(1)(B) also provides in general that matters enumerated in § 636(b)(1)(A) may be referred to a Magistrate Judge to "conduct hearings . . . and to submit proposed findings of fact and recommendations" regarding the disposition of motions before the Court. *Id.*

*Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original). Moreover, this district's Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only. *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

In light of the foregoing, Carr's request for rejection of Judge Ferenbach's "factual findings and legal conclusions" and a "de novo review of the matter" without limitation does not constitute a "specific objection" warranting *de novo* review. Doc. 90 at 1-2 & n.1. Instead, the Court considers only those portions of Judge Ferenbach's disposition to which specific objections were raised. The Court also finds that no "evidentiary hearing" of these objections is warranted.

### 1. Jurisdiction Under the Hobbs Act

#### a. Four Corners of the Indictment

Carr objects to Judge Fehrenbach's conclusion that the Court had jurisdiction over the indictment under the Hobbs Act, such that the motion to dismiss the indictment should be denied. Doc. 90 at 5. Fed. R. Crim. Proc. 12(b) provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." *Id.* This includes a motion to dismiss. *See United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). In most instances, a pretrial motion, such as a motion to dismiss the indictment, is capable of determination before trial if it involves solely questions of law. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). "Generally, Rule 12(b) motions are usually appropriate to consider legal issues such as . . . jurisdiction." *Id.* (citing *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)); *United States v. Gardley*, 2013 WL 4786208, at *10 (D. Nev. Sept. 5, 2013) (same). When considering a motion to dismiss the

indictment, the Court must take the indictment's allegations as true. *United States v. Caicedo*, 47 F.3d 370, 371 (9th Cir. 1995). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Thus, this first issue is whether the four corners of the indictment support the crime charged.

The government's one-count indictment reads as follows:

> Beginning on or about June 17, 2009, and continuing through a date unknown, in the State and Federal District of Nevada,
>
> [All Defendants]
>
> .... did agree and conspire together and with others known and unknown to unlawfully obstruct, delay or affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by extortion, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did attempt to obtain property consisting of $5,000.00 in U.S. Currency belonging to the victim, and individual identified as L.T., a former member of the Vagos Motorcycle Club, with his consent, by means of actual and threatened force, physical violence, and fear of injury, to wit: the defendants physical attacked or assisted in the physical attack of L.T., the theft of his Harley Davidson motorcycle and personal effects, and the attempted burglary of his home; all in violation of Title 18, United States Code, Section 1951(a).

Doc. 1 at 1-2. The elements of a Hobbs Act violation are contained at 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

*Id.* at § 1951(a). Although the plain language of the indictment limits activities to the State and Federal District of Nevada, it nonetheless states that Defendants conspired to "unlawfully obstruct, delay, or affect commerce" as that term was defined in the Hobbs Act. Doc. 1 at 1. The Hobbs Act's definition of "commerce" reads, in pertinent part, "all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside of such State; and all other commerce over which the United States has

jurisdiction." 18 U.S.C. § 1951(b)(3).[3] In most cases, the government must prove only a *de minimis* effect on interstate commerce to obtain jurisdiction under the Hobbs Act. *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th Cir. 1996). Other factual scenarios require a heightened jurisdictional showing. *See, e.g.*, *United States v. Lynch*, 282 F.3d 1049, 1053 (9th Cir. 2002), *overruled on other grounds*, 437 F.3d 902 (9th Cir. 2006) (where the crime alleged is the robbery of an individual which had an indirect affect on commerce).

Accepting the government's statements in the indictment as true for purposes of Rule 12(b), Judge Ferenbach correctly concluded that the motion to dismiss should be denied because the indictment met the Hobbs Act's jurisdictional threshold. Thus, Carr's objection is overruled inasmuch as it pertains to Judge Ferenbach's conclusion that jurisdiction exists.

### b. Consideration and Application of Evidence in Rule 12(b) Motion; Selection of Standard

To argue around this plain-language problem in his motion to dismiss, Carr looked to materials outside of the indictment to assist in proving that the alleged activities in question were, *inter alia*, either purely intrastate matters that fell outside of the Hobbs Act, or else that the "interstate commerce" element was too speculative to furnish jurisdiction in light of the facts of the case. *See* Docs. 60 at 6; 60-1 at 1-5. Carr now objects to Judge Ferenbach's particular crediting of materials outside the indictment in reaching his decision to deny the motion to dismiss. *See* Doc. 90 at 3-4.[4] Based on this objection, Carr also contests Judge Ferenbach's detailed and well-reasoned conclusion that jurisdiction exists either under (1) *Lynch*, (2) *United States v. Rodriguez*, 360 F.3d 949 (9th Cir. 2004), or (3) the persuasive authority of *United States v. Perrotta*, 313 F.3d 33 (2d Cir. 2002), and *United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001). Doc. 90 at 5-9.

"A defendant may not properly challenge an indictment, sufficient on its face, on the

---

[3] Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." *Id.* at § 1951(b)(2).

[4] According to Carr, these facts included: (1) whether Vagos is a national organization; (2) whether American Cruisers is a national organization; (3) the alleged merger of these two organizations; (4) travel conducted by Vagos' personnel; (5) Vagos' purported ability to control state borders; (6) other Vagos activities during the victim's membership. Doc. 90 at 3.

ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quotation omitted). When considering evidence outside of the four corners of the indictment, the court in effect grants summary judgment in favor of one party, even though a summary judgment procedure is not available in criminal cases. *Id.* at 669 & n.2. "[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *Nukida*, 8 F.3d at 669. Instead of challenging the government's indictment in a pre-trial motion to dismiss, the proper course of action is to move for a judgment of acquittal under Fed. R. Crim. Proc. 29. *Id.* at 670.

True, the Court may make "preliminary" findings of fact in the course of determining such a pretrial motion, so long as such findings do not "invade the province of the ultimate finder of fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). But this preliminary fact-finding process is appropriately reserved for issues collateral to determination of actual guilt or innocence in the pending criminal case. *See, e.g.*, *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (motion to dismiss indictment on double jeopardy grounds); *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) (motion to dismiss indictment on grounds of governmental misconduct). Where subject-matter jurisdiction hinges on contested facts or is "intermeshed with questions going to the merits [of a defendant's guilt or innocence], the issue should be determined at trial." *Nukida*, 8 F.3d at 670; *Schafer*, 625 F.3d at 636.

The Ninth Circuit broadly construes a jury question, as any predicate issue that the government must prove in case-in-chief at trial. For example, in *Nukida*, the Court considered the subject-matter-jurisdiction challenge of whether an allegedly tampered product "affected" interstate commerce for purposes of 18 U.S.C. § 1365. 8 F.3d at 669-70. Finding that "the determination of whether [the defendant's] actions resulted in sufficient effects on interstate commerce is essentially factual," the panel, after a lengthy review of many different definitions of "commerce," concluded that defendant's motion to dismiss was premature and that the district court "had no authority to make this factual determination without a trial." *Id.* at 670-73. Even more expansively, in *Jensen*, the district court granted a

motion to dismiss an indictment for lack of venue based on evidence provided by the defendants. 93 F.3d at 669. The Ninth Circuit found that "[w]hile venue is not technically an element of the crime, it must still be proved by the government at trial." 93 F.3d at 669 & n.2. And the jurisdictional standard established in *Atcheson* for Hobbs Act violations—which Carr concedes must have at least "*de minimis*" impact on commerce—further suggests that the nature of this inquiry is at least a mixed question of law and fact. 94 F.3d at 1241.

Although little more than a chalk mark in a rainstorm, Ninth Circuit caselaw establishes, if nothing else, that the Court's authority to consider such jurisdictional questions is not categorical, but conditional. The Court concludes it more likely than not that an alleged act's effect on "commerce" for purposes of Hobbs Act jurisdiction is at least a mixed question of law and fact, that the government must establish to prove guilt. The facts establishing the degree of "effect" on commerce are properly reserved for the jury. The Court is without authority to resolve such facts in a pretrial motion to dismiss, and Carr's motion should be denied without prejudice to its reassertion as a Rule 29 motion during the course of trial. *See Nukida*, 8 F.3d at 669-70.

Because the Court finds an alternative basis for concurring in the result Judge Ferenbach reached, and because this alternative basis does not require the Court to look outside the four corners of the indictment, the Court overrules as moot Carr's objection that Judge Ferenbach improperly credited materials outside of the indictment in disposing of Carr's motion to dismiss.[5] For the same reason, the Court overrules Carr's objection to Judge Ferenbach's well-reasoned application of *Lynch*, *Rodriguez*, and *Perrotta/Diaz*.

### 2. Failure to Hold an Evidentiary Hearing

Although also rendered moot in light of the foregoing, Carr also objects to Judge Fehrenbach's decision to rule on the motion to dismiss without granting defendants an

---

[5] The Court also notes that the Ninth Circuit itself acknowledges that failing to determine issues at the motion-to-dismiss stage contravenes the important policy of judicial economy. *See Nukida*, 8 F.3d at 670. This may help explain why neither the Defendant nor the government ever raised the issue of Rule 29.

evidentiary hearing. Doc. 90 at 3. Carr never requested an evidentiary hearing in his original motion, and the plain language of Rule 59(b)(1) only requires production of a record "of any evidentiary proceeding and any other proceeding if the magistrate judge considers it necessary." *Id.* Assuming *arguendo* that an evidentiary hearing might have been proper, Judge Ferenbach went beyond the requirements of the statute by explaining to Carr that because he had been provided with an opportunity to respond to the government's evidentiary proffer in his reply, no evidentiary hearing was necessitated. Doc. 82 at 15. To the degree still live, Carr's objection is overruled as moot.

## Conclusion

Accordingly, based on the foregoing reasons, and with good cause appearing and no reason for delay,

**IT IS HEREBY ORDERED** that Carr's Objections to Order (#82) Denying Defendant's Motion to Dismiss the Indictment for Lack of Jurisdiction [Doc. 90] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order [Doc. 82] is **ACCEPTED and ADOPTED** to the extent it is consistent with this Order.

**IT IS FURTHER ORDERED** that Coleman's Motion for Joinder [Doc. 91] is **GRANTED**.

**IT IS FURTHER ORDERED** that Panter's Motion for Joinder [Doc. 92] is **GRANTED**.

**IT IS FURTHER ORDERED** that McNamara's Motion for Joinder [Doc. 93] is **GRANTED**.

**IT IS FURTHER ORDERED** that Kane's Motion for Joinder [Doc. 94] is **GRANTED**.

DATED: February 5, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE